## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM**<br><br>vs.<br><br>**DEVIN JABO CHIGUINA**<br>**DOB: 03/22/1994**<br><br>**ROSE LIN BACA**<br>**DOB: 09/24/1981**<br><br>**Defendants.** | **CRIMINAL CASE NO: CF0330-23**<br>**Police Report No. 23-12196**<br><br><br>**DECISION AND ORDER**<br>**DENYING OAG'S STATEMENT OF**<br>**OBJECTION** |

This matter is before the Honorable Dana A. Gutierrez for the limited purpose of reviewing the Office of the Attorney General's (the "OAG") Statement of Objection ("Objection"), in which the OAG objects to the Honorable Alberto E. Tolentino ("Judge Tolentino") presiding over the above-captioned matter due to his relationship with Attorney General Douglas Moylan ("Moylan"). Upon consideration of the arguments and applicable Guam law, the Court hereby **DENIES** the OAG's Objection. For this reason, Judge Tolentino may continue to preside over this matter.

## FACTUAL BACKGROUND

The following facts are undisputed: Doris L.G. Tolentino ("Doris") and Moylan were married and had two children—Brandon (born 1990) and Angela (born 1992) (the "Moylan Children"); Doris and Moylan divorced in 1997; Judge Tolentino and Doris married in 2005 and remain married today; as such, Judge Tolentino is the stepfather of the Moylan Children. *See* Answer to Statement of Objection ("Answer") at ¶¶ 14-15 (August 28, 2024).

As recently as October 2022, Judge Tolentino *sua sponte* disqualified himself from cases in which Moylan appeared before him as private counsel because of his relationship with Moylan as the stepfather of the Moylan Children. *See Id.* at ¶ 3; *see also* Statement of Objection ("Objection") at Ex. A-MM (August 23, 2024) (providing examples of Judge Tolentino's disqualifications in cases involving Moylan from 2014 to 2022).

In 2022, Moylan was elected Attorney General of Guam and was scheduled to take office in January 2023. Answer at ¶ 5. In December 2022, Judge Tolentino and Moylan met with various other staff members of the OAG and the Superior Court of Guam to discuss Judge Tolentino's previous disqualification in Moylan's cases. *Id.* at ¶ 6. According to Judge Tolentino and undisputed by the OAG, Moylan "assured [Judge Tolentino] and the other members in attendance that he perceived no conflict in his election as the Attorney General and the prosecution of criminal cases before [Judge Tolentino]." *Id.* at ¶ 7.

During and after January 2023, Judge Tolentino presided over many cases involving the OAG without objection from the OAG. *See* Answer at ¶ 4 (stating that Judge Tolentino's docket consists mostly of criminal matters brought by the People of Guam through the OAG).

However, beginning in April of 2024, three Superior Court of Guam Judges issued Decisions and Orders addressing whether Judge Tolentino was disqualified from matters involving Moylan due to his relationship with Moylan and the Moylan Children.

First, on April 5, 2024, the Honorable Joseph N. Camacho, presiding as Judge *Pro Tempore*, issued a Decision and Order in *People of Guam v. Nakita T. Aguon*, analyzing whether Judge Tolentino was disqualified from cases involving Moylan pursuant to 7 GCA § 6105(a), which states that a "Judge shall disqualify himself in any proceeding in which his or her impartiality might reasonably be questioned" unless both parties agree to have the judge continue

2

to sit in the proceedings. *Aguon,* CM0145-21 at 7 (Super. Ct. Guam April 5, 2024); 7 GCA § 6105(a). Judge Camacho found that "a reasonable person could question whether Judge Tolentino could be impartial in a case proceeding at the direction of [AG] Moylan" due to their continuing relationships with the Moylan Children. *Id.* at 8. Thus, the court held that, "[a]t a minimum, it would have been prudent for Judge Tolentino to disclose these relationships to the parties." *Id.*

Next, on June 4, 2024, the Honorable Elyze M. Iriarte issued a Decision and Order as the recusal judge in *People of Guam v. Corina Jamel Taitingfong, et al.,* CF0024-24 (Super. Ct. Guam June 4, 2024). In that case, the defendant objected to Judge Tolentino presiding over the case, and Judge Iriarte held that Judge Tolentino was disqualified from the matter. *Taitingfong,* CF0024-24 at 10. Judge Iriarte reasoned that pursuant to 7 GCA § 6105(a), a reasonable question exists regarding Judge Tolentino's impartiality toward Moylan due to their mutual relationship with Judge Tolentino's stepchildren and due to the fact that Judge Tolentino had previously *sua sponte* disqualified himself from all matters involving Moylan while Moylan was in private practice. *Id.* at 5. Further, Judge Iriarte determined that the proper procedure would have been for Judge Tolentino to sit only in matters where both parties had waived their right to object to his presiding over the case. *Id.* at 8. Because the defendant objected and clearly did not waive that right, Judge Iriarte held that Judge Tolentino was disqualified from sitting on the case. *Id.* at 8-9.

Lastly, on June 12, 2024, the Honorable Maria T. Cenzon issued a Decision and Order Denying the OAG's Statement of Objection in *People of Guam v. Richard Y. Ybanez,* CF0447-23 (Super. Ct. Guam June 12, 2024). In that case, on May 1, 2024, the OAG objected for the first time to Judge Tolentino presiding over the matter due to his aforementioned relationship with Moylan and the Moylan Children. *Ybanez,* CF0447-23 at 5-6. Sitting as the recusal judge, Judge

3

Cenzon found that Judge Tolentino is not compelled to disclose his relationship with Moylan under 7 GCA § 6105(a) or any other section of the recusal statute. *Id.* at 12-17.

Judge Cenzon provided several reasons justifying Judge Tolentino's omission, including (1) that Moylan admitted during the meeting with Judge Tolentino and other staff members that he perceived no continuing conflict requiring Judge Tolentino's disqualification; (2) that Moylan's and Doris's relationship, which ended in 1997, ended sufficiently far in the past as to not currently be a concern when viewed objectively; (3) that the Moylan Children, who are Judge Tolentino's stepchildren, are all adults living on their own; and (4) in the small legal community of Guam, for Judge Tolentino to disqualify himself in all cases involving Moylan would be "(a) impractical to enforce, (b) negatively impact the efficient administration of justice, and (c) lead to judge-shopping and/or overburden other judges in the same court." *Id.* at 17.

Finally, on July 18, 2024, the Supreme Court of Guam issued an Opinion in *In re Arthur U. San Agustin v. Superior Court of Guam, et al.,* 2024 Guam 2, disqualifying Judge Tolentino in that matter, but on grounds that are unrelated to his relationship with Moylan. The Supreme Court of Guam noted that they first issued their Order disqualifying Judge Tolentino on December 5, 2023, but stated that their July 18, 2024 Opinion supersedes that Order. *San Agustin,* 2024 Guam 2 at ¶ 8. The *San Agustin* Court noted that Judge Tolentino had previously disqualified himself in that matter because "he, his wife, and his chamber clerk have or had close relationships with San Agustin and Nadeau, [a real party in interest], concluding this could create a conflict." *Id.* at ¶ 4. The matter was then reassigned to the Honorable Presiding Judge Alberto C. Lamorena III, and the defendant objected to Presiding Judge Lamorena presiding over the matter. *Id.* at ¶ 5. The issue of Presiding Judge Lamorena's recusal was then assigned to Judge Tolentino, and Judge Tolentino issued a Decision and Order concluding that Presiding Judge

4

Lamorena was not disqualified. *Id.* at ¶ 6. Ultimately, the Supreme Court of Guam held that because Judge Tolentino had disqualified himself in the underlying matter, he was also disqualified from sitting as the recusal judge and, therefore, vacated his decision and disqualified him from the matter entirely. *Id.* at ¶¶ 40, 54. The *San Agustin* Court clarified the proper procedure when a party seeks to challenge a recusal judge for cause. *Id.* at ¶ 34.

## PROCEDURAL BACKGROUND

The instant matter was initiated on May 9, 2023, when the OAG filed a Magistrate's Complaint, accusing Defendant Devin Jabo Chiguina ("Defendant Chiguina") of three charges: (1) Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony); (2) Assault on a Peace Officer (As a 3rd Felony); and (3) Violation of a Court Order (As a Misdemeanor); and Defendant Rose Lin Baca ("Defendant Baca") of one charge: (1) Possession of a Scheduled II Controlled Substance (As a 3rd Degree Felony). On May 9, 2023, the matter was assigned to Judge Tolentino. Both were eventually indicted on May 15, 2023.

Since being assigned this case, Judge Tolentino held at least seven hearings in this matter. On July 31, 2023, Judge Tolentino issued a Criminal Trial Scheduling Order ("CTSO") for Defendant Chiguina, setting jury selection and trial for January 17, 2024. After issuance of the CTSO, the records reflect that Defendant Chiguina's counsel was negotiating a resolution of the matter with the OAG. While Defendant Chiguina was attempting a resolution of this matter and appearing in front of Judge Tolentino, Defendant Baca was on bench warrant for most of the time prior to the OAG's Objection. On May 9, 2024, Judge Tolentino issued an Amended Criminal Trial Scheduling Order setting jury selection and trial for Defendant Chiguina on August 26, 2024.

On August 2, 2024, Judge Tolentino held a Further Proceedings hearing noting that

Defendant Chiguina was in custody and had not met with his attorney. Judge Tolentino remanded him until the next scheduled hearing. On August 9, 2024, a Further Proceedings hearing was held. As Defendant Chiguina's attorney was not present and had not met with him, Judge Tolentino remanded and noted that the Pretrial Conference would go forward on August 21, 2024. At the August 21, 2024 Pretrial Conference, Judge Tolentino was informed that a plea agreement was in place for Defendant Chiguina. As a result, Judge Tolentino vacated the jury selection and trial date and set a Further Proceedings hearing for September 9, 2024.

On August 23, 2024, the OAG filed their Objection, stating that "disqualification of Judge Tolentino from this and any other matter involving Moylan is required" due to their familial relationship. Objection at 7. The OAG argues that "[a] reasonable person would presume that Judge Tolentino's personal relationship with [AG] Moylan and his prior years spent disqualifying himself from any matters involving Moylan would raise a reasonable question about his impartiality and necessitates his disqualification." *Id.* at 6.

The Court notes that the OAG has filed numerous identical objections to Judge Tolentino presiding over many criminal matters.[1] However, the Court takes judicial notice[2] of the fact that, to date, the OAG has not filed objections in all of its cases before Judge Tolentino, and instead is

---

[1] This Court has been previously assigned to hear the recusal of Judge Tolentino in several cases in which the OAG has filed identical statements of objection, including, but not limited to, the following: *People of Guam v. Peter Pangelinan Reyes Jr.,* CF0419-24 (Super. Ct. Guam Aug. 5, 2024); *People of Guam v. Jamielynn Pangelinan Cabrera,* CF0439-24 (Super. Ct. Guam July 30, 2024); and *People of Guam v. Brian Jake Cepeda Alano,* CF0411-24 (Super Ct. Guam July 25, 2024).

[2] Guam Rules of Evidence ("GRE") Rule 201 governs judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." GRE 201(b).

proceeding in certain matters.[3]

In response to the OAG's Objection, Judge Tolentino issued his Answer on August 28, 2024, denying that his disqualification was required in this case. Answer at ¶ 35. In support of his position, Judge Tolentino cites to the meeting that he and Moylan had regarding their potential conflict, and the fact that Moylan stated that he perceived no disqualification. *Id.* at ¶ 7. Further, Judge Tolentino states that the Moylan Children have "reached majority and adulthood and have been residing at their own residences." *Id.*

This matter was assigned to this Court on August 29, 2024, for the limited purpose of deciding Judge Tolentino's recusal.

## DISCUSSION

7 GCA § 6105 provides the substantive grounds for judicial disqualification in Guam. 7 GCA § 6105(a) states in full:

> Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

---

[3] According to the Superior Court of Guam's Weekly Calendar for the week of September 30, 2024, Judge Tolentino continues to have a full calendar of cases moving forward which list the OAG as counsel. Judge Tolentino remains scheduled to hear progress hearings, further proceedings, motion hearings, pretrial conferences, change of pleas, return of warrants, and competency hearings in criminal matters involving the OAG. The Superior Court of Guam's Weekly Calendar is posted publicly on the Judiciary of Guam's website, available at https://www.guamcourts.org/Calendar/images/Weekly-AET.pdf.

The Court also notes that in *People of Guam v. Martin Park*, CM0198-24, the OAG initially filed its Statement of Objection to Judge Tolentino presiding over the case on August 18, 2024. Stmt. of Objection (Super. Ct. Guam Aug. 18, 2024). However, after Judge Tolentino filed his Answer to which the OAG filed a Response, the OAG then filed its People's Notice of Withdrawal of Objection on September 5, 2024. Upon the OAG's filing of its Notice of Withdrawal of Objection, this Court remanded the case back to Judge Tolentino. Order (Sept. 9, 2024).

When grounds for disqualification exist, 7 GCA § 6106 requires a judge to disclose any facts that disqualify him under Section 6105. If a judge fails to declare his disqualification as required, any party may file a statement of objection, setting forth the facts constituting the grounds of disqualification of such judge. 7 GCA § 6107. 7 GCA § 6107 mandates, in part:

> The statement of a party objecting to the Justice or Judge on the ground of his or her disqualification shall be presented at the *earliest practicable opportunity* after his or her appearance and *discovery of the facts* constituting grounds of the Justice's or Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such Justice or Judge.

7 GCA § 6107 (emphasis added). If a party fails to object at the "earliest practicable opportunity" after discovery of the facts which disqualify a judge, that failure "constitutes a waiver." *Van Dox v. Superior Court of Guam,* 2008 Guam 7 ¶ 45. As such, when a party remains silent on a known disqualification pursuant to 7 GCA § 6105(a), the party waives their right to later object to the judge presiding. *People of Guam v. Wia,* 2020 Guam 17 ¶ 28.

"The rule that a request for disqualification should be submitted prior to any hearing in the matter before the challenged judge 'rests on the principle that a party may not gamble on a favorable decision' .... Thus, a statement of objection is *normally* timely if it is submitted prior to any hearing before the challenged judge in the matter." *Van Dox,* 2008 Guam 7 ¶ 46. (emphasis added) (citing to an exception that it is not appropriate to wait until the eve of trial to request disqualification based on information known months earlier).

Importantly, the recusal statute "is not intended to 'bestow veto power over judges or to be used as a judge shopping device.'" *San Agustin,* 2024 Guam 2 ¶ 24 (quoting *People v. Camaddu,* 2015 Guam 2 ¶ 80). Likewise, courts should avoid outcomes which lead to the manipulation of the criminal justice system. *See Camaddu,* 2015 Guam 2 ¶ 80 (stating that if a

trial court recused itself "every time it receives unsolicited material uncomplimentary to a defendant prior to trial or sentencing [it] would create an intolerable situation which could lead to a manipulation of the criminal justice system.").

### 1.     The OAG Failed to Object at the Earliest Practicable Opportunity

As noted, even when a judge fails to disclose any potentially disqualifying facts, a party may object to a judge presiding pursuant to GCA § 6107 but must do so at the earliest practicable opportunity after discovery of the facts constituting the ground of the judge's disqualification or else that party waives their right to bring an objection.

Here, although Judge Tolentino did not disclose any facts, the OAG was still required to bring its objection as soon as possible after discovery of the facts. The Court understands the OAG's position to be that Moylan is generally involved in the OAG's cases, even if he is not lead counsel on a matter. The OAG cites to Judge Iriarte's Decision in *Taitingfong,* in which she wrote, "Deputy Attorney General Gloria Rudolph clarified that Attorney General Moylan is consulted on general case strategy and plea agreements and that it would be incorrect to say that he is not personally involved in this case." Objection at 6. Given that Moylan is the head of the OAG, and that he is involved in matters which the OAG prosecutes, the OAG was aware of the facts regarding Moylan's and Judge Tolentino's relationship by January 2023.

Despite being aware of Judge Tolentino's and Moylan's relationship by January 2023, in its Objection, the OAG does not directly address why this Court should consider its Objection timely. Instead, the OAG argues that disqualification is appropriate because the Supreme Court of Guam issued an Opinion in *San Agustin* on July 18, 2024 which provided additional grounds on which to require disqualification. Objection at 5.

### A. The Court Views the OAG's Objection in the Context of Judge Tolentino's Relationship with Moylan

Not only did the OAG fail to address the timeline of its specific Objection in this case, the OAG also failed to address the timeline of its Objection in the broader context of the history between Judge Tolentino and Moylan. In doing so, the OAG seemingly would have the Court view this matter as an isolated objection rather than in the larger context of Moylan's relationship with Judge Tolentino.

Thus, the Court must first analyze whether it is appropriate to view this matter in isolation or to consider the larger context of the history of the relationship between Judge Tolentino and Moylan since and prior to January 2023.

### i. The *Van Dox* Standard Is Not Applicable

When the Supreme Court of Guam announced in *Van Dox* that a statement of objection is "normally timely if it is submitted prior to any hearing before the challenged judge in the matter," it cited a California case in support: *Hollingsworth v. Superior Court*, 191 Cal. App. 3d 22, 236 Cal. Rptr. 193 (Ct. App. 1987). In *Hollingsworth,* the California Court of Appeals found that counsel presented its statement of disqualification at the earliest practicable opportunity because the case had only recently been assigned to the challenged judge, and the Court found that it would be unreasonable and impracticable to require a party to challenge a judge prior to knowing which judge will hear the matter. *Hollingsworth,* 236 Cal. Rptr. 193, 196.

Further, when the *Van Dox* Court wrote that the timeliness requirement should be "liberally construed to promote justice," it cited to another California case: *Eagle Maintenance & Supply Co. v. Superior Court,* 16 Cal. Rptr. 745 (Dist. Ct. App. 1961). In that case, the California Court of Appeals notes that the matter had been assigned to a department of the superior court, but not yet to a specific judge. *Eagle Maintenance,* 16 Ca. Rptr. 745, 747. Thus, the court stated,

"it would place an undue hardship upon a litigant or his counsel to compel him to know before the first scheduled trial setting, what judge would be assigned to try his case . . . ." *Id.*

The logic in *Hollingsworth* and *Eagle Maintenance* which mandates a liberal construction of the timeliness standard does not apply to the unique situation before this Court. While the OAG may not have known that Judge Tolentino would be assigned the above-captioned matter, it was aware by January 2023 that Judge Tolentino would be assigned *some* cases involving the OAG, considering Judge Tolentino is one of four criminal judges[4] in the Superior Court of Guam and the OAG files a significant number of criminal cases. Further, the facts that give rise to the OAG's Objection have remained the same since prior to January 2023 and remain the same in all cases involving Judge Tolentino and Moylan. Therefore, this is not a "normal" circumstance in which a party must wait to see which judge is assigned and then, if there is a conflict, challenge that judge.

Instead, a more relevant case to review in this matter is *People of Guam v. Wia.* There, the Public Defender Service Corporation ("PDSC") had raised the issue of the judge's disqualification previously in other cases. *Wia,* 2020 Guam 17 ¶ 27. The Supreme Court of Guam found that the defendant was aware of the conflict through his counsel's involvement in the other cases, and the fact that they remained silent in *Wia* rendered his objection waived and untimely. *Id.*

Like in *Wia,* this matter is more appropriately viewed in its broader context regarding the parties' previous knowledge of the facts. Here, the broader context requires the Court to review Judge Tolentino's and Moylan's relationship as well as the OAG's conduct in other cases before

---

[4] Pursuant to Supreme Court of Guam Administrative Rule No. 23-002, in addition to the four criminal judges in the Superior Court of Guam, the Supreme Court of Guam created Court 8, which is comprised of both criminal and non-criminal cases. Court 8 is assigned to the Honorable John C. Terlaje.

Judge Tolentino.

### ii. Viewing this Matter in Isolation Would Permit Outcomes Contrary to the Recusal Statute's Intended Purpose

The recusal statute shall not be construed to permit judge-shopping, to bestow veto power over judges, or to permit manipulation of the criminal justice system. *San Agustin*, 2024 Guam 2 ¶ 24; *Camaddu*, 2015 Guam 2 ¶ 80. Thus, the Court must attempt to avoid these undesired outcomes.

First, if the Court disqualified Judge Tolentino in all cases in which the OAG files an objection but allowed Judge Tolentino to sit on any matter in which the OAG did not object, it would create a system in which the OAG could cherry-pick which cases to disqualify Judge Tolentino. Allowing the OAG to determine which cases it will permit Judge Tolentino to sit on would clearly promote judge-shopping. *See In re Takano*, No. BR 15-00108, 2016 WL 7384603 (D. Guam Dec. 19, 2016) (opining that allowing a party to "cherry-pick" which cases to disqualify a judge from would promote judge-shopping). Unlike a criminal defendant, who is a different individual in each case with the right to decide whether to object to a judge presiding, the OAG represents the People of Guam. Because the People of Guam cannot object to Judge Tolentino presiding over certain criminal matters but not others, disqualifying Judge Tolentino in some but not all cases, without further explanation, is inappropriate.

Likewise, permitting the OAG to sit on known facts for months and then raise those facts at any given time to disqualify Judge Tolentino could bestow a veto power on the OAG and allow the manipulation of the judicial system. For example, the OAG could, theoretically, hold these facts over Judge Tolentino's head with the constant threat of raising them in all his cases after any unfavorable decision. In other words, the same logic that prevents a party from disqualifying a judge after an unfavorable decision in a particular case likewise prevents the

OAG from disqualifying a judge after an unfavorable decision in any case involving the OAG.

Without speculating about the OAG's motive to bring these recently filed objections or why it has objected in some cases but not others, the fact that the possibility exists that the OAG could use these strategies to forum-shop or manipulate the judicial system necessitates that the Court view the OAG's objections broadly, rather than in isolation in the instant matter. Consequently, the Court declines to find that the Objection was brought at the earliest practicable opportunity solely because it was filed promptly after the matter was assigned to Judge Tolentino.

**B.       The Supreme Court of Guam Issuing Its Opinion in *San Agustin* Does Not Justify the OAG's Failure to Object at the Earliest Practicable Opportunity**

The OAG argues that their Objection is timely because it was filed shortly after the Supreme Court of Guam issued its Opinion in *San Agustin* on July 18, 2024, and *San Agustin* provided additional grounds on which to require disqualification. The OAG argued that "[e]mploying the approach set forth by the Supreme Court, i.e., knowing all the facts and understanding the context involving Judge Tolentino's history of disqualifying himself where the AG was involved, it is clear that Judge Tolentino is a disqualified judge in any case where AG Moylan is involved. The basis for Judge Tolentino's prior disqualification hasn't changed." Objection at 5.

*San Agustin* is distinguishable from the instant matter for several reasons. First, that case did not address whether an appearance of bias exists based on Judge Tolentino's relationship with Moylan. Second, the *San Agustin* Court held that Judge Tolentino was disqualified in that matter as the recusal judge because he disqualified himself in the underlying case. Here, Judge Tolentino has not disqualified himself in the underlying matter and he is not the recusal judge.

Moreover, the Supreme Court of Guam first issued its Order in *San Agustin* on December 5, 2023, which addressed the same issues related to Judge Tolentino's disqualification as the recusal judge as the *San Agustin* July 18, 2024 Opinion, albeit in less detail. The OAG does not distinguish why the July 18, 2024 Opinion in *San Agustin* triggered its mass objection, but the December 5, 2023 Order did not.

Therefore, the Court declines to find that the issuance of the Opinion in *San Agustin* changed the circumstances allowing the OAG to timely file numerous statements of objection against Judge Tolentino based on previously known facts.

### C.    The OAG Has Waived its Objection by Silence

As discussed previously, parties can waive a judge's 7 GCA § 6105(a) disqualification by remaining silent after learning of potentially disqualifying facts. *Wia,* 2020 Guam 17 ¶ 28. This "silence-as-waiver" rule renders an objection as waived when based on information previously known to the parties through separate litigation. *Id.* (finding that PDSC waived by silence because they had raised the issue of the judge's disqualification in previous cases and, therefore, were aware of the issue).

Further, in *Wia,* the Supreme Court of Guam declined to answer whether "the most egregious" conflicts are waivable through silence, but found that, in that case, the silence-as-waiver rule applied because counsel had been aware of the conflict and waited over a year to object. *Id.* at ¶ 30.

Here, like in *Wia,* the OAG waited over a year to file its first objection to Judge Tolentino. The OAG was aware of all the facts regarding Judge Tolentino's and Moylan's relationship by January 2023, yet waited until May 1, 2024 to file its first objection to Judge Tolentino in *Ybanez.* Moreover, Judge Tolentino was assigned to this matter on May 15, 2023,

and for almost a year Judge Tolentino held numerous hearings in which the OAG was involved, and, in fact, was scheduled to go to trial with Defendant Chiguina right before the Objection was filed. Further, the OAG continues to proceed in a number of cases before Judge Tolentino without objecting. Thus, the Court finds that the silence-as-waiver rule applies, and the OAG waived its ability to object to Judge Tolentino based on his relationship with Moylan.

The Court need not answer whether Judge Tolentino is disqualified from hearing matters involving Moylan because even if he is, the OAG has waived its right to object. Therefore, the Court denies the OAG's Objection on the basis that it was not brought at the earliest practicable opportunity.

## CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** the OAG's Objection. Consequently, Judge Tolentino may continue to preside over the above-captioned matter.

**SO ORDERED**: _____ SEP 3 0 2024 _____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
acknowledge that an electronic
Copy of the original was e mailed to
_AG, APD,_
_2. Damian_
Date _9-30-24_ Time _11 26am_
_Albert Calvo_
Deputy clerk, Superior Court of Guam

15